# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

| ROBERT F. BROWN, | § |
| Petitioner, | § |
|  | § |
| V. | §      A-09-CA-484-SS |
|  | § |
| RICK THALER, Director, | § |
| Texas Dept. of | § |
| Criminal Justice-Correctional | § |
| Institutions Division,[1] | § |
| Respondent. | § |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's memorandum in support thereof (Document 2); Respondent's Answer (Document 11); Petitioner's Response and Motion for Summary Judgment (Document 12) Petitioner's duplicate Response and Motion for Summary Judgment (Document 13); Petitioner's Motion for a Live Evidentiary Hearing (Document 16); and Petitioner's Supplemental Brief in

---

[1]The previous named respondent in this action was Nathaniel Quarterman. On July 15, 2009, Rick Thaler succeeded Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Thaler is automatically substituted as a party.

Support thereof (Document 16). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.   Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 277th Judicial District Court of Williamson County, Texas, in cause number 05-0307-K277. A jury convicted Robert F. Brown III of six counts of the second-degree felony offense of indecency with a child by contact. Brown v. State, No. 03-06-00526-CR, 2007 WL 2214591 at *1 (Tex. App. – Austin 2007, pet. ref'd) (citing TEX. PENAL CODE ANN. § 21.11 (West 2003)). The jury assessed Petitioner's punishment at 12 years in prison on counts one through five, and 10 years in prison, probated, on count six. Id. The trial court sentenced Petitioner to 12 years' confinement on counts one through five, and 10 years in prison, probated, on count six. The court ordered that Petitioner's sentences in counts 1, 2, 3, 4, and 6 be served consecutively and that Petitioner's sentence in count five be served concurrently with his sentence in count one.

Petitioner's convictions were affirmed. Id. Petitioner's petition for discretionary review was refused on January 23, 2008. Petitioner also challenged his convictions in a state application for habeas corpus relief. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on May 6, 2009. Ex parte Brown, Appl. No. 71,460-02 at cover.

**B.    Factual Background**

The factual background of this case is found in the Court of Appeals opinion and is repeated below.

> In the summer of 2003, the twelve-year-old complainant, Q.A., and his mother moved to Williamson County from out of state. The mother met appellant at her place of employment and they began dating in September. Appellant befriended Q.A., taking him bowling, to the mall, to Fiesta Texas for spring break, to visit friends, and to the dog races. Appellant also bought Q.A. gifts. As his mother's relationship with appellant developed, in October Q.A. spent the night at appellant's apartment. On one occasion when Q.A. was spending the night at appellant's apartment, he wet the bed. On another occasion at appellant's apartment, as he was trying to sleep, appellant "reached over and put his hand under [Q.A.]'s pants'and underwear and had grabbed [his] penis and started stroking it."
>
> Appellant moved in with Q.A. and his mother in December 2003. The testimony at trial revealed that appellant had numerous sexual encounters with Q.A. when his mother was not in the house or was out of town. Appellant frequently entered Q.A.'s bedroom in the early morning and touched him inappropriately. At trial, appellant testified that he was only checking Q.A. occasionally to see if he had wet the bed. After a four-day trial, the jury found appellant guilty on all six counts.

Brown v. State, No. 03-06-00526-CR, 2007 WL 2214591 at *1 (Tex. App. – Austin 2007, pet. ref'd).

**C.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.   His sentences were improperly cumulated and grossly disproportionate;

2.   Trial counsel was ineffective; and

3.   Appellate counsel was ineffective.

**D.	Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

**E.	Request for Evidentiary Hearing**

Petitioner asserts that his application for habeas relief raises factual questions, which have not been addressed by the state courts and that the state has failed to provide Petitioner with a full and fair hearing concerning his application. Petitioner concludes that he is entitled to an evidentiary hearing to resolve the factual questions left unresolved by the state courts.

## DISCUSSION AND ANALYSIS

**A.	The Antiterrorism and Effective Death Penalty Act of 1996**

The AEDPA radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson,

230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.    Evidentiary Hearing**

Section 2254(e)(2) provides:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
    (A) the claim relies on--
        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

5

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has failed to plead allegations that would entitle him to a hearing. Accordingly, Petitioner's request for an evidentiary hearing should be denied.

**C.    Cumulative Sentences**

Petitioner contends that the trial court improperly ordered that his sentences be served cumulatively. Under state law, it is within the discretion of the trial judge to cumulate sentences for two or more convictions. See TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon 2004).

Petitioner's claim fails, because it concerns state criminal procedure and "does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus." Ables v. Scott, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (quoting Johnson v. Beto, 383 F.2d 197 (5th Cir. 1967)). In this case, the state appellate court held the cumulation of sentences is not unconstitutional. Brown v. State, No. 03-06-00526-CR, 2007 WL 2214591 at *1 (Tex. App. – Austin 2007, pet. ref'd). It is beyond the scope of federal habeas review to review the correctness of the state court's interpretation of state law. Young v. Dretke, 356 F.3d 616, 628 (5th Cir. 2004). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475 (1991).

**D. Disproportionate Sentences**

Petitioner argues his sentences are grossly disproportionate to his crimes.[2] He explains the range of punishment for a second degree felony is 2-20 years. Because Petitioner's sentences were cumulated, he argues the total punishment he received was 58 years.

The Eighth Amendment prohibits sentences that are grossly disproportionate to the crime. United States v. Gonzales, 121 F.3d 928, 942 (5th Cir. 1997), cert. denied, 118 S. Ct. 726 (1998). In Petitioner's case he was convicted of six counts of indecency with a child by contact. The range of punishment for each crime is 2-20 years. See TEX. PENAL CODE §§ 12.33, 21.11 (West 2004).

On state habeas review the court concluded:

> Neither the sentences imposed by the jury against applicant in counts 1-6 nor the stacking order pronounced by the trial court violated the Eighth Amendment. The sentences fell within the prescribed range of punishment for the offense of indecency with a child by contact. TEX. PEN. CODE §§ 12.33, 21.11(a)(1). The trial court was authorized to order applicant's sentences to run consecutively by Texas Penal Code section 3.03. The legislature is vested with the power to define crimes and prescribe penalties. State ex rel. Smith v. Blackwell, 500 S.W.2d 97, 104 (Tex. Crim. App. 1973).

Ex parte Brown, Appl. No. 71,460-02 at 72.

Each of Petitioner's sentences were within the statutory range of punishment for his crimes. The fact that his sentences were cumulated do not make his punishment grossly disproportionate to his offenses. See Powers v. Dinwiddie, 324 Fed. Appx. 702 (10th Cir. 2009) (holding consecutive 15-year sentences on four counts of indecent or lewd acts with a child under 16 were not grossly disproportionate in violation of the Eighth Amendment); Benoit v. Cain, No. 6:07-CV-0039, 2009 WL 4572903 (W.D. La. 2009) (holding consecutive two-year sentences on 58 counts of possession

---

[2] Respondent failed to address this claim.

of child pornography were not grossly disproportionate in violation of the Eighth Amendment); Mampusti v. Evans, No. CV 06-4873 SJO, 2008 WL 5103198 (C.D. Cal. 2008) (holding 9 consecutive 6-year sentences for each count of forcible lewd acts upon his minor stepchild is not grossly disproportionate to the severity of his crimes). Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

E.     **Ineffective Assistance of Trial Counsel**

Petitioner next argues that he was denied effective assistance of trial counsel. Specifically, he faults counsel for (1) failing to object to biased venire members being included on his jury, (2) failing to adequately investigate and call the victim's grandmother, Shirley Williams, as a witness to testify on his behalf, and (3) failing to subpoena the victim's school records, police report and medical records.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689, 104 S. Ct. 2064-65. "A fair assessment of

attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97, 104 S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 104 S. Ct. at 2064.

Petitioner argues that trial counsel was ineffective for failing to strike or object to venire persons Roberts, Groscost and Mouton, who Petitioner claimed were biased and prejudiced. An attorney's actions during voir dire are generally considered a matter of trial strategy. Teague v. Scott, 60 F.3d 1167, 1172 (5th Cir. 1995). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." Garland v. Maggio, 717 F.2d 199, 206 (5th Cir. 1983). Mere conclusory statements on the part of a petitioner do not raise a constitutional issue in a habeas case. Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983.) To demonstrate actual bias, "admission or factual proof" of bias must be presented. United States v. Bishop, 264 F.3d 535, 554 (5th Cir. 2001).

9

During voir dire, the prosecutor asked the venire panel if they or a close friend or family member of theirs had been the victim of sexual abuse. IV RR 109. Venire member Roberts, Groscost and Mouton were among those who answered that question affirmatively. IV RR 109-10. The prosecutor asked a follow-up question, whether any of those who answered affirmatively to the previous question felt that the experience would affect their ability to be a fair and open-minded juror in the case on trial. IV RR 110-11. Several venire members responded that the their experience would affect their ability to be fair and impartial. IV RR 112. Venire member Roberts, Groscost, and Mouton were not among those who said they would be affected by the experience. IV RR 112. The state habeas court found none of the venire members who stated they would be affected served on Petitioner's jury. Ex parte Brown, Appl. No. 71,460-02 at 71. The state habeas court further found:

> [Counsel] did not challenge venire members Roberts, Groscost, or Mouton for cause because their answers to the State's questions regarding their prior experience with sexual abuse did not give rise to a valid challenge for cause against any of them.
>
> [Counsel] did not exercise a peremptory strike against venire members Roberts, Groscost, or Mouton because there were other venire members whom he believed, based on his experience trying criminal cases, it was more important to strike.

Id. The state habeas court concluded that counsel was not deficient in failing to challenge for cause venire members Roberts, Groscost, and Mouton, reasoning counsel had no legal basis for challenging any of those venire members for cause. Id. at 73. The state court also concluded that counsel was not deficient in failing to exercise peremptory strikes against those venire members, because counsel used his strikes against other venire members whom counsel believed would be less sympathetic and receptive to the defense case than Roberts, Groscost, or Mouton. Id. Alternatively, the state court concluded that Petitioner had failed to demonstrate prejudice. Id.

10

As explained above, the Court must presume that defense counsel's performance was reasonable and was sound trial strategy. See Strickland, 466 U.S. at 689. The choice on whether or not to challenge for cause and the use of peremptory strikes was a part of defense counsel's trial strategy and, based on the record, the Court has not found that such a decision permeated the entire trial with unfairness. Additionally, Petitioner has also failed to show that choosing not to challenge or strike venire persons Roberts, Groscost, and Mouton caused Petitioner prejudice. Instead, Petitioner merely makes a bald allegation that he was prejudiced but fails to explain how the outcome of the trial would have been changed had venire persons Roberts, Groscost, or Mouton not been on the jury. Further, this Court must presume that factual determinations made by state courts are correct unless rebutted by clear and convincing evidence. The Texas Court of Criminal Appeals found no ineffective assistance of counsel violations, and Petitioner has not provided sufficient evidence to rebut the presumption the Court affords that decision.

Petitioner also argues counsel was ineffective for failing to investigate and call Williams as a witness. The Fifth Circuit has repeatedly held that complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative. Day v. Quarterman, 566 F.3d 527 (5th Cir. 2009). Thus, to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. Id. (citing Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985)).

Relying on counsel's affidavit, the state habeas court found that counsel called Williams, who was living in Ohio, and spoke with her about the case. Ex parte Brown, Appl. No. 71,460-02 at 69. Specifically, the state court found:

> Williams told [counsel] that, while she was living with her daughter, applicant frequently came into the bedroom she shared with the complainant. Williams told [counsel] that applicant would come into the bedroom at odd times. Williams told [counsel] that she [became] suspicious of applicant because of his numerous intrusions into the bedroom and the amount of undue attention he paid to the complainant.
>
> Williams told [counsel] that she did not observe anything sexually inappropriate occur between applicant and the complainant. Williams told [counsel] that she was not in a position to see what transpired between applicant and the complainant in the bedroom because, on the occasions when applicant entered the bedroom and interacted with the complainant, the complainant was obscured from her view due to the positioning of her and the complainant's beds.
>
> [Counsel] concluded from his conversation with Williams that she would not be able to offer any testimony at trial beneficial to applicant. [Counsel] formed the opinion that Williams's testimony, if anything, would benefit the State. [Counsel] also learned from speaking with Williams that she was ill and was physically unable to travel to Texas from Ohio to testify at applicant's trial.

Id. at 69. The state habeas court concluded that counsel was not deficient in failing to call Williams as an alibi witness. The court reasoned that counsel evaluated the likely impact of Williams's testimony and determined the testimony would not have benefitted applicant at trial. Alternatively, the court concluded Petitioner failed to demonstrate prejudice.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Moreover, Petitioner has failed to show Williams, who resided in Ohio, was available to testify and would have done so. As admitted by Petitioner, she refused to provide him an affidavit to support his habeas application. Pet. Memo. at 27.

Petitioner also argues counsel was ineffective in failing to subpoena the victim's school records, police report and medical records.[3] An attorney's failure to investigate the case against the defendant and to interview witnesses can support a finding of ineffective assistance. Bryant v. Scott, 28 F.3d 1411, 1435 (5th Cir. 1994). However, in order to establish that counsel was rendered ineffective by virtue of a failure to investigate the case against a defendant or to discover and present evidence, a convicted defendant must do more than merely allege a failure to investigate; he must state with specificity what the investigation would have revealed, what evidence would have resulted from that investigation, and how such would have altered the outcome of the case. See Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994); Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993); United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989); Lockhart v. McCotter, 782 F.2d 1275, 1282-83 (5th Cir. 1986), cert. denied, 479 U.S. 1030, 107 S. Ct. 1360 (1987).

On state habeas review the court found:

> [Counsel] did not obtain or review the complainant's school records. Applicant told [counsel] during their pretrial discussions that the complainant was a good student with no disciplinary record at school. [Counsel] had no reason to believe that the complainant's school records would have revealed any information that he could have used to impeach the complainant's testimony or credibility at trial.
>
> Prior to trial, applicant informed [counsel] that the complainant had made a similar allegation against another student at school. The complainant testified about this incident at trial. The complainant testified that, when he was in sixth grade, an eighth grade boy bullied him by talking rudely to him, punching him, and making obscene motions behind him. (RR. VI-8-10). The complainant testified that the bullying inflicted on him by the older student did not involve sexual touching. (RR. VI-10).
>
> [Counsel] cross-examined the complainant about the bullying incident. (RR. VI-52-56). [Counsel] was unavailable to develop, either prior to or during trial, any significant similarity between the complainant's allegation of bullying at school and his allegation that applicant had touched him sexually at home. Based on the

---

[3]Respondent did not respond to this claim.

13

> testimony developed at trial, the abuse inflicted on the complainant at school was physical and emotional in nature, not sexual.

Id. at 70. The state court concluded counsel was not deficient in failing to obtain and review the complainant's school records or in failing to investigate the bullying incident involving the complainant which took place at the complainant's school. Id. at 73. Alternatively, the state court concluded Petitioner failed to demonstrate prejudice. Id. at 74.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

## F.    Ineffective Assistance of Appellate Counsel

In his final ground for relief Petitioner argues appellate counsel was ineffective. Specifically, he argues counsel was deficient in that he failed to request a hearing on his motion for new trial and he failed to challenge the legal and factual sufficiency of the evidence on appeal.[4]

Appellate counsel filed a motion for new trial on Petitioner's behalf. The motion contained two separate grounds for relief: (1) the evidence was legally and factually insufficient to support applicant's convictions in counts 1-6; and (2) applicant was deprived of his Sixth Amendment right to effective assistance of counsel at trial. Ex parte Brown, Appl. No. 71,460-02 at 71. Counsel attached a sworn affidavit from applicant to the motion for new trial, however counsel did not file

---

[4] Respondent did not address Petitioner's claim that appellate counsel failed to request a hearing on his motion for new trial or his claim that appellate counsel failed to challenge the legal sufficiency of the evidence on appeal.

14

a request for a hearing.  Id.  The trial court did not hold a hearing on the motion, and the motion was deemed overruled by operation of law.  Id.  The state habeas court concluded, assuming counsel was deficient in failing to present the motion for new trial to the trial court or otherwise request a hearing, Petitioner failed to show prejudice.  Id. at 74.  The court determined neither of the grounds presented in the motion for new trial were meritorious.  Id.  The court concluded the evidence at trial was legally and factually sufficient to sustain Petitioner's convictions in counts 1-6.

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right.  Hughes v. Booker, 203 F.3d 894, 896 (5th Cir. 2000) (citing Evitts v. Lucey, 469 U.S. 387, 293-95, 105 S. Ct. 830, 834 (1985)).  Where a petitioner argues that counsel failed to assert or fully brief a particular claim, he must show that his attorney's performance was both deficient and prejudicial.  Id. (citing Penson v. Ohio, 488 U.S. at 84, 109 S. Ct. at 352-54 (citing Strickland v. Washington, 466 U.S. 668, 689-94, 104 S. Ct. 2052, 2065-67 (1984))).

Under the Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781 (1979) standard for evaluating the legal sufficiency of the evidence, a court views all the evidence in the light most favorable to the prosecution in determining whether any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt.  Id.  Direct and circumstantial evidence adduced at trial, as well as all inferences reasonably drawn from it, is viewed in the light most favorable to the verdict.  See United States v. Sanchez, 961 F.2d 1169, 1173 (5th Cir. 1992).  The jury is the final arbiter of the weight of the evidence and of the credibility of witnesses.  United States v. Barksdale-Contreras, 972 F.2d 111, 114 (5th Cir. 1992).

15

The indictment alleged that Petitioner on six occasions engaged in sexual contact with a child younger than 17 years. The indictment alleged count one occurred on or about December 20, 2003, count two occurred on or about January 20, 2004, count three occurred on or about February 20, 2004, count four occurred on or about March 20, 2004, count five occurred on or about April 20, 2004, and count six occurred on or about May 20, 2004. Ex parte Brown, Appl No. 71,460-02 at 80-81. The victim testified that, after Petitioner moved in with him and his mother, Petitioner would put his hand in the victim's underwear and stroke his penis on a nearly daily basis, starting in December 2003 and ending when the victim told his mother about the contact on May 20, 2004. V RR 268-279.[5] When viewed in the light most favorable to the verdict, the evidence was plainly sufficient to allow a rational trier of fact to conclude that Petitioner engaged in sexual contact with the child.

Under Texas law, in a factual sufficiency review, all the evidence is considered equally. Clewis v. Texas, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Although due deference still must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. Johnson v. Texas, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); Cain v. Texas, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The evidence will be deemed factually insufficient if the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust,

---

[5] Petitioner argues the evidence is insufficient to show he committed the crimes in December or January, because the victim testified that Petitioner did not touch him when his cousin was visiting in December or when his sisters were visiting in January. Contrary to Petitioner's argument, the victim testified that his cousin stayed for two to three weeks in December, and his sisters might have stayed as long as three weeks in January. VI RR 58-59. Therefore, this testimony does not support Petitioner's argument that he did not inappropriately touch the victim in December or January.

or if the verdict is against the great weight and preponderance of the available evidence. Watson v. Texas, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); Johnson, 23 S.W.3d at 11. Ample evidence was presented in the case against Petitioner to negate any concern that his conviction was clearly wrong or manifestly unjust.

Petitioner has failed to show any basis upon which appellate counsel could have secured a reversal of his conviction based on the ground of legal or factual insufficiency of the evidence. Prejudice does not result from appellate counsel's failure to assert a meritless claim or a meritless argument. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus and request for evidentiary hearing be denied. It is further recommended that Petitioner's requests for summary judgment be dismissed.[6]

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C.

---

[6] The Court considered Petitioner's responses, but there is no need for a summary judgment request.

§ 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

18

being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of February, 2010.

_____

ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE